UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

OPIE WILLIAM GLASS II,                                                                    Plaintiff,

v.                                                                      Civil Action No. 3:19-cv-P714-DJH

NURSE BRENDA RAMOS *et al.*,                                                               Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Opie William Glass II filed this *pro se* action pursuant to 42 U.S.C. § 1983 while he was a federal pretrial detainee at the Oldham County Detention Center (OCDC)[1] alleging deliberate indifference to serious medical needs (Docket No. 1). Upon initial review of the complaint pursuant to 28 U.S.C. § 1915A, the Court dismissed the claims against Defendants OCDC and the Southern Medical Group (SMG) and terminated them from the action (DN 9). The Court also dismissed the official-capacity claims against Defendants Nurse Brenda Ramos and OCDC Officers Jacob, Byron, and David and an unknown OCDC officer. However, before terminating those Defendants and dismissing the entire action, the Court provided Plaintiff an opportunity to amend his complaint to sue the officials he believes were deliberately indifferent to his serious medical needs in their individual capacities.

In response, Plaintiff filed an amended complaint (DN 10), again naming as Defendants Nurse Ramos, Officer Jacob, and Officer Byron and additionally naming OCDC Major Jeff Tindall[2] and Southern Health Partners (SHP). With respect to Defendants Ramos, Jacob, Byron, and Tindall, Plaintiff checked only the official-capacity box instead of checking the individual-

---

[1] Plaintiff has since been transferred to the Terre Haute Federal Correctional Institution (DN 19).
[2] Plaintiff spells this Defendant's last name as both "Tindal" and "Tindall." For ease of reference, the Court refers to this Defendant as "Tindall" herein.

capacity box. Given Plaintiff's *pro se* status, the Court gave him one final opportunity to clearly indicate that he is suing these four Defendants in their individual capacities (DN 15). The Court also dismissed the claims against Defendant SHP and terminated it from the action. Further, because in the amended complaint Plaintiff did not sue Defendants Officer David or an unknown OCDC officer as he had in the complaint, the Court terminated them from the action, as well.

Plaintiff then filed a second amended complaint (DN 16) clearly indicating that he sues Defendants Ramos,[3] Jacob, Byron, and Tindall in both their individual and official capacities. This matter is now before the Court on initial review of the first amended complaint (DN 10) and second amended complaint (DN 16) pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will allow some of Plaintiff's claims to proceed and dismiss other claims.

## I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff alleges that on August 24, 2019, he asked a non-Defendant deputy to take him to medical because he was having "sever chest pains, lost my vision, & could not breath." He states that the deputy told him that the nurse was two cells down and that Plaintiff should tell her. He reports that fifteen minutes later Defendant Ramos came to his unit and that he informed her that he could not get out of his chair and "explained my pains and hearing loss to her." He asserts that Defendant Ramos wrote his name down and said that she would be back to get him but never came back. He alleges that he attempted to get a deputy's attention by banging on the cell door to no avail. He states, "Two hours had passed since Nurse Ramos said she would be back. My vision had returned so I went to the kiosk to file a formal grievance." He maintains that, as he was filing it, Defendants Jacob and Byron entered the unit and that he told them he

---
[3] Plaintiff indicates in the first amended complaint that Defendant Ramos is employed by OCDC and indicates in the second amended complaint that she is employed by SHP.

2

needed medical assistance and that Defendant Ramos was supposed to come get him. Plaintiff reports that Defendants Jacob and Byron informed him that Defendant Ramos had left for the day and that they would ask Medical to see him. He states, "I told Nurse Ramos the severe symptoms I was having, she ignored them and left to go home without even informing night shift about the situation." He states that he was left "in serious physical pain for two days." He further asserts as follows:

> By the time I got to medical the next day my symptoms subsided but I was still in pain. But medical staff dismissed the incident, and only took my blood pressure and give me a couple of aspirin for the headache. I never got seen for a follow up and only seen medical the one time. I still have chest pains on occasions and my arm goes numb frequently.

Plaintiff also states, "I file multiple grievances and grievance appeal, only to have the issues addressed in them manipulated and downplayed by the jail staff and Major Tindall." He details how he was denied copies of his grievances "so I could persue further actions of the violations Im enduring." He report that he was given a copy of his grievance appeal by a non-Defendant officer. Plaintiff states that when Defendant Tindall gave him copies of his grievance documents, he noticed that the copies had been "editted and altered in an attempt to cover up for the deputys and Nurse Ramos actions." Plaintiff alleges that Defendant Tindall "deleted the main body of the grievance appeal so it didn't read like I informed them of my symptoms of having chest pains, lost my vision, or couldn't breath." Plaintiff continues, "He tried to make it read like I asked what procedure was when an inmate is having chest pains and not that I was left on the unit after asking for medical help."

Plaintiff alleges that Defendant Tindall violated the Eighth and Fourteenth Amendments. He states that "even after I filed the grievance and he was made aware of the situation I was left without care." He also maintains that Defendant Tindall gave him a copy of a grievance appeal

which "erased my request history so I can't get any more evidence, no one else's history has been erased[.]" Plaintiff reports that he knows that the copy was altered because he was given an accurate copy of it the previous day by a non-Defendant deputy. He also states that his "legal mail from the Civil Libertys Unions has been open without me being present."

Plaintiff also describes a separate incident on Thanksgiving of 2019 when he was having chest pains and requested medical assistance but was told that there was no medical staff on duty because it was a holiday. Plaintiff further states that he has been "forced to endure these conditions and live in fear of retaliation from Major Tindall and his staff for seeking legal assistance for these matters . . ." and alleges "mental abuse." He also states that "still on occasion my arm goes numb I have chest pains frequently and endure pain daily."

As relief, Plaintiff seeks compensatory and punitive damages, as well as "disiplinary action on Jeff Tindall."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the

plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

#### A. *Individual-capacity claims*

##### 1. Defendants Ramos, Jacob, and Byron

Upon review, <u>the Court will allow Plaintiff's Fourteenth Amendment claims for deliberate indifference to serious medical needs to proceed against Defendants Ramos, Jacob, and Byron in their individual capacities based on his allegations that he was denied medical treatment on August 24, 2019, and in the day(s) thereafter</u>.

Plaintiff also alleges that he was denied medical treatment on Thanksgiving of 2019. However, he does not state who denied him medical treatment or indicate that any of the named Defendants were involved in denying him treatment. While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally

involved in the acts about which she complains.  *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976).  Because Plaintiff fails to allege who denied him medical treatment in this separate incident, the allegations will be dismissed for failure to state a claim upon which relief may be granted.

### 2. Defendant Tindall

Plaintiff alleges a claim against Defendant Tindall under the Eighth Amendment, which the Court construes as brought based on his allegation that "even after I filed the grievance and he was made aware of the situation I was left without care."  A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances.  *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) (holding that "[the plaintiff's] complaint regarding [the defendant's] denial of [his] grievance appeal, it is clear, fails to state a claim").  Moreover, the failure to act on Plaintiff's grievances does not subject Defendant Tindall to liability.  *See Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) ("The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983.") (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)); *Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005) ("[Plaintiff] merely alleged that [the defendant] failed to remedy the situation after he had been informed of the problem via [plaintiff's] grievance.  [This] allegation does not state a claim because the doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel.").  Accordingly, Plaintiff's Eighth Amendment claim against Defendant Tindall must be dismissed for failure to state claim.

Plaintiff also alleges a violation of due process on grounds that Defendant Tindall gave him a copy of his grievance appeal which was altered and that this "erased my request history so

I can't get any more evidence."  To state a Fourteenth Amendment due-process claim, an inmate must allege a deprivation of a liberty interest protected by the Due Process Clause.  *See, e.g.*, *Sandin v. Conner*, 515 U.S. 472, 485 (1995).  While the Court would not endorse a prison official materially altering a grievance in a self-serving manner, the Court cannot discern how the alleged alteration of the copy limits Plaintiff's ability to assert his claims based on the grievance's underlying allegations of deliberate indifference to his serious medical needs, especially since he states that he was been given an accurate copy.  Nor does Plaintiff allege how he was deprived of a liberty interested in being provided an altered copy of his grievance appeal.  Therefore, Plaintiff's due process claim must be dismissed for failure to state a claim.

Plaintiff also states that his "legal mail from the Civil Libertys Unions has been open without me being present."  However, this one-sentence statement is too conclusory and lacking in factual specificity to support a claim.  *See Iqbal*, 556 U.S. at 678.  Moreover, a single instance of interference with a prisoner's mail does not give rise to a constitutional claim.  *See, e.g.*, *Morgan v. Montanye*, 516 F.2d 1367, 1370-71 (2d Cir. 1975); *Brown v. Kasich*, No. 4:16CV2284, 2017 U.S. Dist. LEXIS 27906, at *9-10 (N.D. Ohio Feb. 28, 2017) ("[A] random or isolated incident of inadvertent mail interference does not state a claim that rises to the level of constitutional magnitude, and is therefore not actionable under § 1983.").  Therefore, Plaintiff's claim based on the opening of his mail will be dismissed for failure to state a claim.

Plaintiff also alleges that he "lives in fear of retaliation" by Defendant Tindall and his staff.  However, actual injury, rather than a speculative fear of injury, is required to assert a retaliation claim.  *See Croney v. Fletcher*, No. 07-CV-42-KKC, 2008 U.S. Dist. LEXIS 90, at *2 (E.D. Ky. Jan. 2, 2008) (citing *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State*, 454 U.S. 464, 471 (1982)).  Plaintiff does not allege that he was retaliated

against; he merely alleges that he fears it. Accordingly, Plaintiff's retaliation claim must be dismissed for failure to state a claim upon which relief may be granted.

### B. *Official-capacity claims*

Plaintiff also again sues Defendants in their official capacities. For the same reasons the Court dismissed Plaintiff's official-capacity claims previously (DN 9), the Court finds that the official-capacity claims against all Defendants must be dismissed.

### IV. CONCLUSION AND ORDER

**IT IS ORDERED** that Plaintiff's individual-capacity claims based on the alleged denial of medical treatment on Thanksgiving 2019; his individual-capacity claims against Defendant Tindall; and his official-capacity claims against all Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The **Clerk is DIRECTED to terminate** Defendant Tindall as a Defendant in the docket sheet as no claims remain against him.

The Court will enter a separate Service and Scheduling Order governing the claims that have been permitted to proceed.

Date: July 14, 2021

David J. Hale, Judge
United States District Court

cc: Plaintiff, *pro se*
　　Defendants
　　Oldham County Attorney
4415.010